**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

**JIMMY MOCHAN TURNER** **CIVIL ACTION NO. 13-1510-P**

**VERSUS** **JUDGE WALTER**

**WARDEN N. BURL CAIN** **MAGISTRATE JUDGE HORNSBY**

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Jimmy Mochan Turner ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on June 6, 2013. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court convictions and sentences. He names the Warden of the Louisiana State Penitentiary as respondent.

Plaintiff states that on February 8, 2008, he pleaded guilty to two counts of murder in Louisiana's Eleventh Judicial District Court, Parish of Sabine. Subsequently, he was sentenced to two life sentences without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) the trial court denied his motion to recuse the District Attorney; (2) the trial court denied his motion to suppress; and (3) he

received ineffective assistance of counsel.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

**LAW AND ANALYSIS**

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"
2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"
3. the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or
4. the date "the factual predicate of the claim . . . presented could have been

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4). The court will first determine when Petitioner's convictions and sentences became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner pleaded guilty and was sentenced on February 8, 2008. The Louisiana Third Circuit Court of Appeal affirmed his convictions and sentences on December 10, 2008. State v. Turner, 2008 WL 5159008, 2008-572 (La. App. 3 Cir. 12/10/08). The Supreme Court of Louisiana denied writs of review on September 25, 2009. State v. Turner, 18 So.3d 80, 2009-K-0070 (La. 9/25/09). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's one-year period commenced 90 days after September 25, 2009, on December 24, 2009.

The federal petition currently before the court was filed in this court on June 6, 2013 and signed by Petitioner on May 31, 2013. Since the federal clock began ticking on December 24, 2009 and Petitioner had one full year in which to file his federal petition, Petitioner would have had to file this petition on or before December 24, 2010. This petition

was not filed until May 2013 at the earliest, more than two years too late.

It appears that Petitioner's state petition for post-conviction relief did toll his federal one-year limitation period, but that Petitioner is still untimely. See supra footnote 1. Petitioner's one year federal limitation period began on December 24, 2009 and continued until he filed his first state post conviction relief application in the trial court on December 14, 2010, encompassing approximately 355 days of the limitation period. From that point, the limitation period was tolled until October 12, 2012, when the Supreme Court of Louisiana denied relief.[2] State ex rel. Turner v. State, 2012-KH-1190 (La. 10/12/12), 99 So.3d 40. Petitioner then had approximately 10 days, or until October 22, 2012, to file his federal petition for a writ of habeas corpus in this court. Petitioner did not file his petition in this court until May 2013 at the earliest. Thus, the time in which the limitation period was running exceeded 365 days and Petitioner's federal habeas claim is time-barred.

Petitioner argues that the federal one-year limitation period should be equitably tolled. Petitioner claims he his illiterate, poor, and mentally retarded. Petitioner claims inmate counsel substitute misled him into thinking he had 90 days to file his federal habeas petition when he actually had 11 days after the Supreme Court of Louisiana's writ denial on October 12, 2012. He claims inmate counsel substitute took advantage of his mental deficiency to

[2]This court notes that the Louisiana Code of Criminal Procedure provides that a judgment on direct appeal becomes final when the delay (14 days from rendition of judgment) for applying for a rehearing has expired and no application for rehearing has been made. Art. 922. However, the Louisiana Code of Criminal Procedure provides no such provision for applications for post-conviction relief. However, even if this court gave Petitioner the benefit of the doubt and applied the appellate provisions to his application for post-conviction relief, his petition would still be untimely.

cover up the misplacement of his legal papers. Petitioner claims he was totally dependent on the assistance of inmate counsel substitute because of his mental disability. These claims are without merit.

The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998). Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis, 158 F.3d at 810-11 (citation and internal quotation marks omitted). Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted). As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. Id.

Petitioner has not presented the kind of extraordinary circumstances that would warrant tolling, and he has not shown that he acted with reasonable diligence. It may seem harsh to deny equitable tolling, when a prisoner can usually file only one federal petition, with such a serious conviction and lengthy sentence at issue. The Fifth Circuit has not

hesitated, however, to reverse a district court that applied equitable tolling in a death penalty case, despite the blame for the untimeliness landing squarely at the feet of defense attorneys and circuitous proceedings in the state courts. Manning v. Epps, 688 F.3d 177 (5th Cir.2012). The Supreme Court also rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his counsel in calculating the filing deadline. Lawrence v. Florida, 127 S.Ct. 1079 (2007). Petitioner has not presented facts nearly so egregious as found in those cases.

For the foregoing reasons, Petitioner's habeas petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly, **IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 1999 WL 199 (5th Cir. 1/6/99) (No. 11,292).

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 4th day of April, 2016.

Mark L. Hornsby
U.S. Magistrate Judge